

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL LANCELLOTTI
410 Bustleton Pike
Churchville, PA 18966

    Plaintiff

v.

NCO FINANCIAL SYSTEMS, INC.
507 Prudential Road
Horsham, PA 19044

and

JOHN DOES 1-10

and

XYZ CORPORATIONS

    Defendants

Civil Action No.:

## COMPLAINT

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. Section 1692 *et seq.*

### INTRODUCTION

1. This is an action for damages brought by a Plaintiff, Michael Lanellotti, a consumer (hereafter "Plaintiff") against Defendant, NCO Financial Systems, Inc. (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from *inter alia* engaging in abusive, deceptive and unfair collection practices.

## JURIDSDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d). 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

## PARTIES

3. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

4. Plaintiff is Michael Lancellotti, an adult individual with a current address of 410 Bustleton Pike, Churchville, PA 18966.

5. Defendant(s) is NCO Financial Systems, Inc., a business engaged in the practice of debt collection, said Defendant regularly conducts business in Bucks County and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

## FACTUAL BACKGROUND

6. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

7. On or about June/July, 2010, within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party/ies, namely the adult and minor children of Plaintiff phone number 215-942-4898. Said telephone message read substantially as follows:

> *This is an important message from NCO financial systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Shannon Alexi at 1-800-226-3349. Again that's Shannon Alexi at 1-800-226-3349. Thank you. NCO financial is a debt collection company, this is an attempt to collect a debt and any information will be used for that purpose.*"

8. On or about June/July, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies, namely the adult and minor children of Plaintiff at phone number 215-942-4898. Said telephone message read substantially as follows:

> *[This is] an attempt to collect a debt and any information will be used for that purpose. Please return the call to Mathew Schmidt at 1-800-448-9576. Again that's Mathew Schmidt at 1-800-448-9576. Thank you. NCO financial systems is a debt collection company, this is an attempt to collect a debt and any information will be used for that purpose. When calling please refer to your id code evx554, again you id code is evx554.*"

9. On or about June/July, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies namely the adult and minor children of Plaintiff at phone number 215-942-4898. Said telephone message read substantially as follows:

> *This is an attempt to collect a debt and any information will be used for that purpose. Please return to call to at 866-695-3013. Again, that's at 866-695-3013. Thank you. NCO financial systems is a debt collection company, this is an attempt to collect a debt and any information will be used for that purpose. When calling please refer to your id code eug137, Thank you. Good-Bye.*"

10. On or about June/July, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies namely the adult and minor children of Plaintiff at phone number 215-942-4898. Said telephone message read substantially as follows:

> *This message is intended for Michael Lancellotti. Michael my name is Kelly Smith and I am calling from NCO financial systems a debt collection company. This is an attempt to collect a debt any information obtained will be used for that purpose. Michael, contact my office at 866-493-7749. Once again that number is 866-493-7749. When calling back refer to your id number ezx554."*

11. On or about June/July, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies namely the adult and minor children of Plaintiff at phone number 215-942-4898. Said telephone message read substantially as follows:

> *This is an important message from NCO financial systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Shannon Alexi at 1-800-226-3349. Again that's Shannon Alexi at 1-800-226-3349. Thank you, NCO financial systems is a debt collection company, this is an attempt to collect a debt and any information will be used for that purpose."*

## COUNT ONE:
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

12. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

13. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act

(FDCPA), 15 USC 1692a(3).

14. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

15. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt" against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

16. Defendant violated the FDCPA, 15 U.S.C Sections, 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e(10) and 1692f in the following manner:

(a) Communicating with a person other than the consumer and failing to identify him/herself and failing to confirm or correct location information;

(b) Communicating with a person other than the consumer and stating that the consumer owes a debt;

(c) Communicating with a third party;

(d) Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

(e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

(g) Using false representation or deceptive manes to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(h)     Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

17.   Defendant engaged in per se violations of the FDCPA, 15 U.S.C. sections 1692b 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e(10) and 1692f. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN V. NCO FINANCIAL SYSTEMS, INC., United Stated District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTION, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

18    Defendant engaged in per se violations of the FDCPA, 15 U.S.C. section 1692b, Communication with Third Parties in accordance with 2005 WL 1677480 (D.N.J. July 18, 2005).

19.   Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

20.   Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

21.   Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

22.   In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

23.   Any mistake made by Defendant would have included a mistake of Law.

24.   Any mistake made by Defendant would not have been a reasonable or bona fide

mistake.

25. Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b) Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A);

Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3). To date Attorney's Fees at a rate of $350.00 per hour plus costs.

Plaintiff's attorney fees continue to accrue as the case move forward.

(d) All other relief that the Court deems just and proper.

## COUNT II
## INVASION OF PRIVACY

26. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

27. Defendant's continuous and repeated telephone calls to third parties constitutes an invasion of privacy.

28. As a result of Defendant's conduct, as pleaded above, Plaintiff sustained and continues to sustain damages and emotional distress.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and seeks compensatory and punitive damages against Defendant and all other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

29. Plaintiff demand trial by jury on all triable issues.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: July 29, 2010